# CORNELL
## LAW OFFICES OF ROSS CORNELL
#### APC

Ross Cornell, Esq.   (SBN 210413)
Post Office Box 1989, Suite 305
Big Bear Lake, CA 92315
rc@rosscornelllaw.com
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorneys of Record for Plaintiff,
Bryan Estrada

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada, | Case No. 5:22-cv-00276 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Kwang Cho; Cucamonga Industrial Center, LLC; Kelly M. Arft and Does 1-10, inclusive, | |
| Defendants. | |

-1-
**COMPLAINT**

**NATURE OF THE ACTION**

1.    This is an action seeking to remedy unlawful discrimination by the Defendants against the Plaintiff in the Defendants' places of public accommodation in violation of the Americans with Disabilities Act [42 *U.S.C.* § 12101, *et seq.*] (the "ADA").

**PARTIES**

2.    Plaintiff, Bryan Estrada, is a paraplegic resident of the state of California, County of Riverside, who requires the use of a wheelchair for mobility purposes and who is therefore a "person with a disability" within the meaning of the ADA and *Cal.Government Code* § 12926.

3.    The Defendants (defined below) discriminate against people with mobility disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations on the basis of their mobility disability at the Subject Property (defined below) in violation of the ADA [42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and 12182(b)(2)(A)(v)].

4.    The Defendant's failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities prevented people with mobility disabilities from enjoying fair and equal access to the Subject Property (defined below) in violation of the ADA [42 U.S.C. § 12182(b)(2)(A)(ii)].

5.    Defendant, Kwang Cho, owns, operates, or leases

**COMPLAINT**

real property located at 9569 9th St., Rancho Cucamonga, CA 91730, also known as San Bernardino County Assessor's Parcel No. 0209-032-26 (the "Subject Property").

6.      Defendant, Cucamonga Industrial Center, LLC, owns, operates, or leases real property located at 9569 9th St., Rancho Cucamonga, CA 91730, also known as San Bernardino County Assessor's Parcel No. 0209-032-26 (the "Subject Property").

7.      Defendant, Kelly M. Arft, owns, operates, or leases real property located at 9569 9th St., Rancho Cucamonga, CA 91730, also known as San Bernardino County Assessor's Parcel No. 0209-032-26(the "Subject Property").

8.      The Subject Property is a commercial facility open to the general public, is a public accommodation, and is a business establishment insofar as goods and/or services including small engine repair are made available to the general public thereat. Defendant Does 1 through 10, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to the Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the harm to Plaintiff herein alleged were proximately caused by those Defendants.

–3–
**COMPLAINT**

**JURISDICTION AND VENUE**

9.    This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331and28 U.S.C. §§1343(a)(3) and 1343(a)(4) for violations of the ADA.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the fact that the real property that is the subject of this action is located in this district and the Plaintiff's causes of action arose in this district.

**STATEMENT OF FACTS**

11.    Parking spaces, accessible aisles, paths of travel, signage, doorways, service counters, customer areas and goods/services are among the facilities, privileges and advantages offered by the Defendants to patrons of the Subject Property.

12.    The Subject Property does not comply with the minimum requirements of the ADA and is therefore not equally accessible to persons with mobility disabilities.

13.    In July, 2021 and continuously from that time to the Present, and currently, the Subject Property has not been in compliance with the ADA (the "Barriers"):

      A.    The Subject Property lacks the minimum required number of ADA compliant accessible parking spaces.  There are none.

      B.    There was no diagonal striped marking and no blue border around where an access aisle is supposed to exist adjacent to any designated accessible parking space serving the Subject Property.

**COMPLAINT**

C.     The parking spaces provided at the Subject Property are smaller than permitted by the ADA.

D.     The parking spaces at the Subject Property do not provide accessible parking signage as required by the ADA. Among other things, they fail to provide tow-away signage and "Minimum Fine $250" signage as required by the ADA and state law to be posted.

E.     The parking spaces at the Subject Property do not provide the universal symbol of accessibility.

F.     There is no twelve-inch high "NO PARKING" lettering on any blue-striped parking access aisle serving the Subject Property.

G.     There was no designated "van accessible" parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating "Van Accessible" below the symbol of accessibility located in a manner that is not obstructed.

H.     There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property.

14.     Plaintiff personally encountered one or more of the Barriers at the Subject Property in July, 2021, including a lack of accessible parking spaces and parking access aisles.  Plaintiff and other mobility disabled members of the general public are prevented from parking for fear of being blocked in by another parked car and for lack of safe space to exit the vehicle to assemble and disassemble their wheelchairs, thus denying full and equal access to the Subject Property and to the small engine repair business located thereat.

**COMPLAINT**

15.     Between July, 2021 and the present, the Plaintiff had actual knowledge of the existence of Barriers at the Subject Property, which are located in the parking areas surrounding the building and in the building approaches.  In addition to the Barriers, on information and belief based on a visual inspection and subject to expert confirmation, Plaintiff alleges the following ADA violations exist on the Subject Property: the accessible route of travel that crosses or adjoins the vehicular way and the walking surface is not separated by curbs, railings, or other elements between the pedestrian areas and vehicular areas; the maneuvering clearance at the primary entrance door to the small engine repair shop on the Subject Property exceeds 2% slope; the transaction counter in the small engine repair shop is too high; the interior path of travel in the small engine repair shop does not provide a minimum clear width of 36 inches.

16.     The existence of Barriers, the implementation of discriminatory policies, practices and procedures, and other ADA violations at the Subject Property reasonably dissuaded or deterred Plaintiff from accessing the Subject Property on a particular occasion between July, 2021 and the present.

17.     On information and belief, the remediation of violations identified hereinabove, to be identified by the Defendants in discovery, and to be discovered by Plaintiff's experts are all readily achievable in that the removal of them by the Defendants is and has been easily accomplishable without much difficulty or expense.

18.     Defendants violated the ADA by failing to remove all mobility-related architectural barriers at the Subject Property.  On information and belief, Plaintiff alleges that the failure to remove barriers has been knowing, willful and intentional because the barriers described herein are clearly visible and tend to be

**COMPLAINT**

obvious even to a casual observer and because the Defendants operate the Subject Property and have control over conditions thereat and as such they have, and have had, the means and ability to make the necessary remediation of access barriers if they had ever so intended.

19.     On information and belief, access barriers at the Subject Property are being consciously ignored by the Defendants; the Defendants have knowingly disregarded the ongoing duty to remove the Barriers in compliance with the ADA.  Plaintiff further alleges on information and belief that there are other ADA violations and unlawful architectural barriers at the Subject Property that relate to Plaintiff's mobility disability that will be determined in discovery, the remediation of which is required under the ADA.

20.     Plaintiff hereby seeks an injunctive relief order for the remediation and removal all barriers related to his mobility disability, including but not limited to the Barriers, whether presently known or unknown.  The Subject Property is within approximately twenty miles from Plaintiff's place of employment, and Plaintiff is in the Rancho Cucamonga area regularly and consistently for personal reasons.  Plaintiff intends to return to the Rancho Cucamonga area at least several times within the next twelve months and will observe and confirm whether access barriers have been remediated and removed at the Subject Property.  Plaintiff would benefit from barrier removal by having the equal opportunity to use the services provided at the small engine repair business located at the Subject Property if it were made accessible to him, which he would be inclined to do if the need for small engine repair were to arise in the future. Plaintiff is presently deterred from attempting to use the services provided at the Subject Property because of the Barriers.

**COMPLAINT**

21.     Even if strictly compliant barrier removal were determined to be structurally or otherwise impracticable, there are many alternative methods of providing accommodations that are readily apparent and that could provide a greater degree of accessibility to the Plaintiff and similarly situated persons ***but for*** the Defendants' discriminatory policies, practices and procedures and Defendants' conscious indifference to their legal obligations and to the rights of persons with mobility disabilities.  Defendants' failure to implement reasonable available alternative methods of providing access violates the ADA [42 U.S.C. § 12182(b)(2)(A)(v)].

22.     The violations and references to code sections herein are not all-inclusive.  Plaintiff will amend this complaint to provide a complete description of the full scope of ADA violations after conducting a comprehensive expert site inspection and other discovery. For the purposes of this Complaint, Plaintiff asserts that the barriers alleged herein violate one or more of the ADA's implementing regulations. The Defendants have maintained and continue to maintain discriminatory policies, procedures and practices that disregard their obligations under the ADA by allocating resources for physical improvements to the Subject Property that were did not provide legally required accessibility improvements, by failing to conduct ADA self-inspections or create ADA compliance plans regarding the Subject Property, by causing alterations to be made to the Subject Property in disregard of ADA requirements, and for failing and refusing to make necessary accommodations for persons with mobility disabilities at the Subject Property.  Plaintiff seeks a declaration that the Defendants' disability rights compliance policies, procedures and practices are discriminatory and violate the ADA.

-8-

**COMPLAINT**

1

2

3

4

**FIRST CAUSE OF ACTION**
Discrimination Based on Disability
[42 U.S.C. §§ 12101, *et seq.*]
By Plaintiff against all Defendants

5          23.     Plaintiff re-alleges and incorporates by reference as though

6    fully set forth herein the allegations contained in all prior paragraphs of this

7    complaint.

8          24.     The ADA obligates owners, operators, lessees and lessors of

9    public accommodations to ensure that the privileges, advantages, accommodations,

10   facilities, goods and services are offered fully and equally to persons with

11   disabilities, including the Plaintiff and others similarly situated [42 U.S.C. §

12   12182(a)].

13         25.     Discrimination is defined in the ADA, *inter alia*, as follows:

14         A.     A failure to remove architectural barriers where such

15   removal is readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)].  Architectural

16   barriers are identified and described in the Americans with Disabilities Act

17   Accessibility Guidelines (the "ADAAG") [28 C.F.R. Part 36, Appendix "D"].

18         B.     A failure to make alterations in such a manner that, to the

19   maximum extent feasible, the altered portions of  the facility are readily accessible

20   to and usable by individuals with disabilities, including individuals who use

21   wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to

22   the altered area and the bathrooms, telephones, and drinking fountains serving the

23   altered area, are readily accessible to and usable by individuals with disabilities [42

24   U.S.C. § 12183(a)(2)].

25         C.     Where an entity can demonstrate that the removal of a

26   barrier is not readily achievable, a failure to make such goods, services, facilities,

27

28
                                    –9–

privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable [42 U.S.C. § 12182(b)(2)(A)(v)].

D.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations [42 U.S.C. § 12182(b)(2)(A)(ii)].

26.    The ADA, the ADAAG's 1991 Standards (the "1991 Standards") and 2010 Standards (the "2010 Standards"), and the California Building Code (the "CBC") contain minimum standards that constitute legal requirements regarding wheelchair accessibility at places of public accommodation:

A.    If parking spaces are provided for self-parking by employees or visitors, or both, then the subject property must provide at least the minimum required number of accessible parking spaces.Accessible parking spaces must be marked to define their width and must have an adjacent ADA compliant access aisle. Accessible parking spaces must be at least 96 inches wide and van parking spaces must be at least 132 inches wide except that van parking spaces can be 96 inches wide where the access aisle is not less than 96 inches wide [1991 Standards § 4.1.2(5); 2010 Standards § 208 and 502.2]. Here, the Subject Property does not comply with the ADA.

B.    To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method,

-10-
**COMPLAINT**

color of marking and length of the parking space are to be addressed by state or local laws of regulations [1991 Standards § 4.6; 2010 Standards §§ 502, 502.3.3 and 503].

C.      To properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length [CBC § 11B-502.2].

D.      Each parking space reserved for persons with disabilities shall be identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of the International Symbol of Accessibility in white on a dark blue background. The sign shall not be smaller than 70 square inches (4516 mm$^2$) in area and, when in a path of travel, shall be posted at a minimum height of 80 inches (2032 mm) from the bottom of the sign to the parking space finished grade. Signs may also be centered on the wall at the interior end of the parking space. An additional sign or additional language below the symbol of accessibility shall state "Minimum Fine $250" [2010 Standards § 502.6; CBC § 1129B.4].

E.      Signs identifying accessible parking spacesmust include the International Symbol of Accessibility [2010 Standards §§ 502.6].

F.      To properly and effectively reserve a parking space for persons with disabilities, the surface of the access aisle must have a blue border; the words "NO PARKING" in letters at least a foot high must be painted on the access aisle [CBC § 1129B.3].

G.      One in every eight accessible spaces, but not less than one, must be served by a loading and unloading access aisle 96 inches (2438 mm) wide minimum placed on the side opposite the driver's side when the vehicle is

**COMPLAINT**

going forward into the parking space and shall be designated van accessible. Van accessible spaces must have an additional sign or additional language stating "Van Accessible" below the symbol of accessibility. Signs identifying accessible parking spaces must be located so they cannot be obscured by a vehicle parked in the space[1991 Standards § 4.6; 2010 Standards §§ 502; CBC §§ 1129B.3 and B4].

         H.    At least one accessible route must be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route must, to the maximum extent feasible, coincide with the route for the general public, must connect accessible buildings, facilities, elements, and spaces that are on the same site, and at least one accessible route must connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility [1991 Standards §§4.1.2(1) and 4.3.2; 2010 Standards §§206 and 401].

        27.    The Defendants have failed to comply with minimum ADA standards and have discriminated against persons with mobility disabilities on the basis of thereof.  Each of the barriers and accessibility violations set forth above is readily achievable to remove, is the result of an alteration that was completed without meeting minimum ADA standards, or could be easily remediated by implementation of one or more available alternative accommodations. Accordingly, the Defendants have violated the ADA.

        28.    The Defendants are obligated to maintain in operable

**COMPLAINT**

working condition those features of the Subject Property's facilities and equipment that are required to be readily accessible to and usable by Plaintiff and similarly situated persons with disabilities [28 C.F.R. § 36.211(a)].  The Defendants failure to ensure that accessible facilities at the Subject Property were available and ready to be used by the Plaintiff violates the ADA.

29.    The Defendants have a duty to remove architectural barriers where readily achievable, to make alterations that are consistent with minimum ADA standards and to provide alternative accommodations where necessary to provide wheelchair access.  The Defendants benign neglect of these duties, together with their general apathy and indifference towards persons with disabilities, violates the ADA.

30.    The Defendants have an obligation to maintain policies, practices and procedures that do not discriminate against the Plaintiff and similarly situated persons with mobility disabilities on the basis of their disabilities. The Defendants have maintained and continue to maintain a policy of disregarding their obligations under the ADA, of allocating resources for improvements insufficient to satisfy legal requirements regarding accessibility improvements, of failing to conduct ADA self-inspections or create ADA compliance plans, of causing alterations to be made to the Subject Property in disregard of ADA requirements, and of failing and refusing to make necessary accommodations for persons with mobility disabilities at the Subject Property, in violation of the ADA.

31.    The Defendants wrongful conduct is continuing in that Defendants continue to deny full, fair and equal access to their business establishment and full, fair and equal accommodations, advantages,

**COMPLAINT**

facilities, privileges and services to Plaintiff as a disabled person due to Plaintiff's disability. The foregoing conduct constitutes unlawful discrimination against the Plaintiff and other mobility disabled persons who, like the Plaintiff, will benefit from an order that the Defendants remove barriers and improve access by complying with minimum ADA standards.

### **PRAYER FOR RELIEF**

Plaintiff prays to this Court for injunctive, declaratory and all other appropriate relief under the ADA , including but not limited to reasonable attorney's fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205.

> **Note**:  Plaintiff is not invoking *Cal. Civil Code* § 55 and does not seek injunctive relief under the Unruh Act or Disabled Persons Act at all by way of this action.

Respectfully submitted,

Dated: 02/12/2022                    **LAW OFFICES OF ROSS CORNELL, APC**


By:   /s/ *Ross Cornell*
          Ross Cornell, Esq.,
          Attorneys for Plaintiff,
          Bryan Estrada

**COMPLAINT**